Filed 5/10/13  P. v. Eckes CA3
Received for posting 5/15/13

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C070957 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF101608) |
| v. | |
| DANIEL AARON ECKES, | |
| Defendant and Appellant. | |

       This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

       We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## PROCEDURAL BACKGROUND

Defendant was charged with attempted murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a) -- count 1),[1] attempted second degree robbery (§§ 664, 211 -- count 2), and conspiracy to commit robbery (§§ 182, subd. (a)(1), 211 -- count 3). Attached to each count were allegations of firearm use and infliction of great bodily injury.

Defendant entered into the following plea bargain: In exchange for a maximum prison term of 22 years in state prison and the dismissal of counts 1 and 2, he pleaded guilty to conspiracy to commit robbery and admitted allegations of personal discharge of a firearm (§ 12022.53, subd. (c)) and personal infliction of great bodily injury in the commission of the crime (§ 12022.7, subd. (a)).[2]

At sentencing, the court denied defendant's request for probation, concluding that his was not an unusual case such that justice would be served by a grant of probation. The court then imposed the 22-year term, consisting of "the middle base term of two years" for the conspiracy plus 20 years for the firearm use. The court determined defendant was entitled to 824 days of presentence custody credit (717 actual days' credit, plus 107 conduct days' credit pursuant to § 2933.1). The court imposed an agreed-upon $1,275 in victim restitution and restitution fines of $240 in accordance with sections 1202.4, subdivision (b) and 1202.45.

## FACTUAL BASIS FOR THE PLEA

On March 26, 2010, defendant and his codefendants planned to rob the owner of the motel in which they were staying. When the owner drove to his residence, they followed him. Armed with a handgun, defendant got out of the vehicle, ran up to the

---

[1] Undesignated statutory references are to the Penal Code.

[2] It was further agreed that the great bodily injury enhancement would be dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, because the admission was only for purposes of victim restitution. The enhancement was dismissed at sentencing.

victim, and demanded money.  Defendant fired a shot that passed through the victim's wrist and lodged in a bag of quarters the victim was holding in front of his chest.  The bullet wound caused the victim great bodily injury.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests that this court review the record and determine whether it reflects any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

We have reviewed the record in its entirety and found the following errors.  Defendant was sentenced for conspiracy to commit second degree robbery.  Conspiracy is punishable in the same manner as the target offense (§ 182, subd. (a) foll. par. (6)), which in this case is robbery.  Second degree robbery is punishable by two, three, or five years.  The court stated it was imposing the "*middle* base term of two years" and the abstract of judgment repeats the error.  Since the plea bargain was clearly for a two-year base term, the court's records should be corrected to reflect imposition of the *low* term of two years as the base term.

The abstract of judgment also indicates the source of defendant's conduct credit was section 4019.  The source should be section 2933.1, which limits defendant's conduct credits to 15 percent of actual credits when, as here, a defendant is convicted of a violent felony.  (See § 667.5, subd. (c)(22) ["Any violation of Section 12022.53"].)

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment reflecting imposition of the low term of two years as the base term for defendant's conviction of conspiracy to commit second degree robbery and citing

section 2933.1 as the source of defendant's credits. The court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                                  MURRAY       , J.

We concur:

           BUTZ        , Acting P. J.

           MAURO      , J.

4